IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK FRANCIS CROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-367-GMS |
| | ) | |
| DANA METZGER, Warden, | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.     BACKGROUND**

In June 2008, petitioner Patrick Francis Croll pled guilty to charges of second degree assault, aggravated menacing, PDWDCF, second degree unlawful contact, and endangering the welfare of a child. *See State v. Croll*, 15 A.3d 216 (Table), 2011 WL 486611, at *2 (Del. Super. Ct. Feb. 9, 2011). Prior to sentencing, the State *nolle prossed* the second degree assault charge. Croll was then sentenced to thirty-three years at Level V, suspended after nineteen years for decreasing levels of supervision. *See State v. Croll*, 2010 WL 3103396, at *1 (Del. Super. Ct. June 2, 2010). Croll appealed, but the Delaware Supreme Court dismissed the appeal as untimely. *Id.*

In March 2012, the Honorable Noel L. Hillman dismissed Croll's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after determining that his claims for relief were meritless. *See Croll v. Phelps,* 2012 WL 946769 (D. Del. Mar. 19, 2012).

In April 2017, Croll filed the habeas petition presently pending before the court. (D.I. 3) The petition challenges his 2009 convictions.

## II. LEGAL PRINCIPLES

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the court concludes that Croll has filed a second or successive habeas petition under 28 U.S.C. § 2244. The denial of Croll's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant petition challenges the same 2009 convictions and asserts a claim that could have been asserted in his first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18.

The record reveals that Croll did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. In addition, since nothing in the instant petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2), the court concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. Accordingly, the court will

2

dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Croll's § 2254 petition for lack of jurisdiction. The court also declines to issue a certificate of appealability because Croll has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Feb 5, 2018
DATE

UNITED STATES DISTRICT JUDGE

3